NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| G-I HOLDINGS INC. and SAMUEL J. HEYMAN, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 00-CV-6189 (DMC) |
| RELIANCE INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, and TWIN CITY FIRE INSURANCE COMPANY, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Plaintiffs G-I Holdings Inc. and Samuel J. Heyman ("Plaintiffs") for certification for appeal of this Court's denial of summary judgment dated March 23, 2004. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Plaintiffs' motion is **denied**.

## I. <u>BACKGROUND</u>[1]

On January 2, 2003, Plaintiffs filed a motion for summary judgment seeking, among other

---

[1] A recitation of the full background of this complex matter is unnecessary here and can be found in this Court's March 23, 2004 Opinion denying summary judgment. See <u>G-I Holdings Inc. and Samuel Heyman v. Reliance Ins. Co. et al.</u>, Civil Action No. 00-6189 (D.N.J. Mar. 23, 2004).

relief, a declaration that they are entitled to the advancement of the costs of defending certain pending fraudulent conveyance and tort actions against them in other courts. Plaintiffs assert their entitlement to such funds pursuant to directors' and officers' ("D&O") insurance policies issued by Defendants Reliance Insurance Company ("Reliance"), assumed by Hartford Insurance Company and Twin City Fire Insurance Company, a wholly owned subsidiary of Hartford Insurance Company, (collectively "Hartford"), and issued by Great American Insurance Company ("Great American").[2] This Court denied Plaintiffs' motion in an Opinion and Order dated March 23, 2004. On April 8, 2004, Plaintiffs filed a motion for reconsideration of the Court's Order pursuant to Local Civil Rule 7.1(g). This Court denied the motion to reconsider in an Opinion and Order dated June 29, 2004. Plaintiffs filed the instant motion for certification for appeal on September 20, 2004, claiming that the Court erred in not granting summary judgment for Plaintiffs on the issue of Hartford's obligation to advance defense costs under a separate D&O policy.

## II. DISCUSSION

### A. Standard of Review

The denial of summary judgment is an interlocutory order and thus generally not appealable. However, 28 U.S.C. § 1292(b) permits a district court to certify for immediate appeal an otherwise non-appealable order if it is satisfied "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

---

[2] Reliance entered statutory liquidation proceedings in the Commonwealth of Pennsylvania after the initial filing of this action, and Plaintiffs have agreed to pursue their claims against Reliance in those proceedings.

litigation." The statute imposes three requirements before certification may be granted. The order to be certified must 1) involve a controlling question of law, 2) offer substantial ground for difference of opinion, and 3) have the potential to materially advance the ultimate termination of the litigation, if appealed immediately. See Katz v. Carte Blanche Corp., 496 F.2d 747, 753 (3d Cir.1974); P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J.2001). Certification is entirely within the district court's discretion even if the three criteria are met; indeed, courts have acknowledged that "certification is appropriate only in exceptional cases." Piazza v. Major League Baseball, 836 F.Supp. 269, 270 (E.D.Pa.1993) (internal quotations and citations omitted); see also Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976).

**B. Controlling Question of Law**

In the Third Circuit, a controlling issue of law is one that if erroneously decided, would result in reversible error on final appeal. Katz, 496 F.2d at 755. Plaintiffs assert that whether Hartford must advance their defense costs is a controlling question of law, because an appellate ruling on this issue "will resolve a legal issue paramount to this action." ( Pl.s' Br. in Supp. of Mot. for Certification of Appeal ("Pl.s' Br.") at 14-15.) Plaintiffs go on to state that they "fully intend to prevail in the underlying fraudulent conveyance actions" and thus "their entitlement to defense costs constitutes the most 'serious' issue in this case." ( Id. at 15.) While Plaintiffs' optimism is admirable, it is not relevant in determining whether the advancement of defense costs constitutes a controlling question of law. Indeed, if this Court has erroneously denied summary judgment to Plaintiffs, Plaintiffs will presumably prevail at trial and be awarded their costs at that time in addition to any interest accruing between the initial denial of summary

judgment and the entry of final judgment. No reversible error will result.

### C. Whether There is Substantial Ground for Difference of Opinion

As discussed at length in this Court's March 23, 2004 Opinion, which considered all of the summary judgment briefs previously submitted, Plaintiffs have not offered any undisputed evidence that Hartford assumed Reliance's obligations to Plaintiffs for advancement of defense costs. Plaintiffs contend now that the Court overlooked Hartford's obligations to advance defense costs under its own D&O policy. (Pl.s' Br. at 11.) Plaintiffs did not originally raise the issue of Hartford's policy in their summary judgment papers because they claim not to have discovered the existence of the policy until after submitting the motion. (Pl.s' Reply Br. in Further Supp. of Mot. for Summ. J. at 2.) Plaintiffs asserted entitlement to defense costs in their reply brief in a mere three sentences. (Id. at 3.) As a result of Plaintiffs' delay in raising the issue, Hartford did not have an opportunity to respond to this argument. The Court denied Plaintiffs' motion for summary judgment at that time because the relevant inquiry as presented to it was not whether Plaintiffs' claims were covered or excluded by Hartford's D&O policy, but whether Hartford assumed Reliance's obligations to Plaintiffs under the previous D&O policy.

Plaintiffs today bring to the Court's attention a number of cases which find that doubts as to exclusions, rescissions, and ambiguous language in D&O insurance policies must be resolved in favor of the insured until an ultimate resolution on the merits of the policy dispute. See, e.g., Little v. MGIC Indemnity Corp., 836 F.2d 789, 794 (3d Cir. 1987) (affirming summary judgment for insured and holding that an ambiguous D&O policy must be read in favor of insured until final resolution of the question, at which point insurer may be entitled to reimbursement);

-4-

Associated Electric & Gas Ins. Services, Ltd. et al. v. Rigas et al., 2004 WL 540451, *13 (E.D.Pa. Mar. 17, 2004); (granting partial summary judgment for insureds under Little and finding that an insurer must advance defense costs to an insured under an ambiguously-worded D&O policy); Brown et al. v. American International Group, Inc. et al., 2004 U.S. Dist. LEXIS 20969 (D.Mass. Oct. 19, 2004) (finding that an insurer must advance defense costs to an insured under a D&O policy, after denying summary judgment and holding a bench trial on the issue); Federal Ins. Co. v. Tyco Int'l Ltd., 2004 WL 583829, *6 (N.Y.Sup. Mar. 5, 2004) (granting partial summary judgment for insured and holding that rescission of a D&O policy must be proven on the merits before an insurer may be relieved of an obligation to advance defense costs); In re Worldcom, Inc. Sec. Litig., 2005 U.S. Dist. LEXIS 1466, *28 (S.D.N.Y. Feb. 4, 2005) (granting preliminary injunction for in insured and finding that obligation to advance defense costs under D&O policy exists until question of rescission has been litigated and resolved).

In reviewing Plaintiffs' arguments, it is apparent that there is a substantial difference of opinion from this Court's denial of summary judgment regarding the issue of advancement of defense costs in similar litigations.  Furthermore, the Court notes that its previous ruling on summary judgment did not address Plaintiffs' current contention that they are entitled to defense costs under the separate D&O policy issued by Hartford, as that argument was not sufficiently presented.  In light of the significant body of case law offered by Plaintiffs involving D&O

policies similar to the one at issue here,[3] the Court believes it to be appropriate to accept further briefing from the parties on the applicability, if any, of such precedent to the Hartford D&O policy.

## D. Whether Immediate Appeal Would Materially Advance Termination of the Litigation

Plaintiff argues that a ruling by the Third Circuit would materially advance the termination of the litigation because if the Circuit were to reverse the summary judgment ruling and order Hartford to advance defense costs, then the parties "need conduct no further discovery or proceedings on the defense costs issue, thereby greatly simplifying the remaining issues for trial." ( Pl.s' Br. at 22.)  However, the ultimate issue at trial – namely, the extent, if any, of Hartford's obligation to Plaintiffs under both D&O insurance policies – must be determined regardless of whether those costs are advanced before trial of this issue.  The mere advancement of costs would not render moot a final determination whether the policies at issue are valid and cover Plaintiffs' claims.  This Court sees no possibility that a trial will be avoided, or even accelerated, by an immediate appeal, and thus finds that an appeal would not materially advance the termination of the litigation.

## CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for certification for appeal is **denied**.  The Court further finds, sua sponte, that it will benefit from additional briefing from the parties regarding the issue of Hartford's duty to advance defense

---

[3]The Court further wishes to note that the cases cited by Plaintiffs represent a variety of procedural postures and different underlying state insurance laws.  As such, it is not making any ruling on the applicability of these precedents to the instant case at this time.

costs to Plaintiffs under the separate Hartford D&O policy.  An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:        June 1, 2005
Original:    Clerk's Office
Copies:     All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File