NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| G-I HOLDINGS INC. and SAMUEL J. HEYMAN, | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : : | Civil Action No. 00-CV-6189 (DMC) |
| RELIANCE INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, and TWIN CITY FIRE INSURANCE COMPANY, | : : : : : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs G-I Holdings Inc. and Samuel J. Heyman ("Plaintiffs") for advancement of defense costs. Pursuant to this Court's Order of June 1, 2005, the parties in the instant action have submitted additional briefing on the issue of Defendant Hartford's duty to advance defense costs to Plaintiffs under the separate Hartford D&O policy. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Plaintiffs' demand for advancement of defense costs is **granted**.

## I. BACKGROUND[1]

On January 2, 2003, Plaintiffs filed a motion for summary judgment seeking, among other relief, a declaration that they are entitled to the advancement of the costs of defending certain pending fraudulent conveyance and tort actions against them in other courts. Plaintiffs assert their entitlement to such funds pursuant to directors' and officers' ("D&O") insurance policies issued by Defendants Reliance Insurance Company ("Reliance"), assumed by Hartford Insurance Company and Twin City Fire Insurance Company, a wholly owned subsidiary of Hartford Insurance Company, (collectively "Hartford"), and issued by Great American Insurance Company ("Great American").[2] This Court denied Plaintiffs' summary judgment motion in an Opinion and Order dated March 23, 2004. On April 8, 2004, Plaintiffs filed a motion for reconsideration of the Court's Order pursuant to Local Civil Rule 7.1(g). This Court denied the motion to reconsider in an Opinion and Order dated June 29, 2004. Plaintiffs filed a motion for certification for appeal on September 20, 2004, which this Court denied on June 1, 2005. In that same Opinion and Order the Court ordered the parties to submit further briefing regarding the discrete issue of advancing of defense costs under the Hartford D&O Policy.

## II. DISCUSSION

Plaintiffs argue that Hartford bears an immediate obligation to advance Plaintiffs' defense costs pursuant to the language of the D&O policy issued by Hartford ("the Hartford policy" or "Policy"). Relying on prior rulings of this Court and other case law, Plaintiffs advance the theory

---

[1] A recitation of the full background of this complex matter is unnecessary here and can be found in this Court's March 23, 2004 Opinion denying summary judgment. See G-I Holdings Inc. and Samuel Heyman v. Reliance Ins. Co. et al., Civil Action No. 00-6189 (D.N.J. Mar. 23, 2004).

[2] Reliance entered statutory liquidation proceedings in the Commonwealth of Pennsylvania after the initial filing of this action, and Plaintiffs have agreed to pursue their claims against Reliance in those proceedings.

that the Hartford Policy potentially provides coverage for the underlying "Creditors Committee Action" (captioned <u>Official Committee of Asbestos Claimants of G-I Holdings, Inc. v. Samuel J. Heyman</u>, 01-8529). Hartford contests Plaintiffs' assertions, arguing that because this Court has yet to resolve whether the underlying allegations implicate the Policy, a declaration regarding the existence of a duty to advance defense costs is premature. This Court agrees with the legal reasoning advanced by Plaintiffs.

Plaintiffs cite a number of cases for the proposition that defense costs must be advanced, including <u>Little v. MGIC Indemnity Corp.</u>, 836 F.2d 789, 794 (3d Cir. 1987); <u>Associated Electric & Gas Ins. Services, Ltd. et al. v. Rigas et al.</u>, 2004 WL 540451, *13 (E.D.Pa. Mar. 17, 2004); <u>Federal Ins. Co. v. Tyco Int'l Ltd.</u>, 2004 WL 583829, *6 (N.Y.Sup. Mar. 5, 2004); <u>Brown et al. v. American International Group, Inc. et al.</u>, 2004 U.S. Dist. LEXIS 20969 (D.Mass. Oct. 19, 2004); <u>In re Worldcom, Inc. Sec. Litig.</u>, 2005 U.S. Dist. LEXIS 1466, *28 (S.D.N.Y. Feb. 4, 2005). Defendants however maintain that these cases can be distinguished from the instant action because contrary to Plaintiffs' assertions, this Court has yet to make a determination that the underlying claims suggest a reasonable potential for coverage.

The Hartford Policy provides in Section I, Insuring Agreements:

(A) DIRECTORS AND OFFICERS' LIABILITY

Except for **Loss** which the Insurer pays pursuant to Insuring Agreement (B) of this Policy, the Insurer will pay on behalf of the **Directors** and **Officers Loss** which the **Directors** and **Officers** shall become legally obligated to pay as a result of a **Claim** first made during the **Policy Period**...against the **Directors** and **Officers** for a **Wrongful Act** which takes place during or prior to the **Policy Period**.

(See Cert. of Anthony Bartell, Ex. B, pg 1)(emphasis in original). In <u>Little</u>, the Third Circuit

examined a D&O policy substantially similar to the Hartford policy at issue. 836 F.2d 789, 792-3. The Third Circuit found the phrase "legally obligated to pay" in the policy's coverage provisions meant that the insurer's duty to pay defense costs arises contemporaneously with the director or officer's obligation to pay those costs. Id. at 793. The Little Court further held that the insurer was required to advance the policyholder's defense costs subject to reimbursement should it be found that the claims were excluded from policy coverage. Id. at 796.

Thus, a general reading of the policy indicates that Hartford is required to advance defense costs. However, the Hartford Policy is structured so that it begins with a general descriptions of coverage, followed by exclusions. Defendants argue that various exclusions operate to bar the potential the underlying claims will be covered. Specifically, Defendants direct this Court's attention to the pollution exclusion in Section V(E), which they claim operates as a bar to coverage as a matter of law. Defendants further argue that Defendants have not alleged an insurable "loss" under the policy and that the claim was not made during the policy period.

The Court is aware of Defendants concerns that the Policy will eventually be adjudicated by way of this action to exclude coverage for the underlying claims. However, an insurer's duty to defend is determined by comparing the allegations in the underlying complaint with the language of the policy at issue. See Voorhees v. Preferred Mutual Ins. Co., 128 N.J. 165, 173-4 (1992) (citing Danek v. Hommer, 28 N.J.Super. 68, 77 (App.Div.1953), aff'd o.b., 15 N.J. 573,(1954)). Here, the Court has already found that there is a potential for coverage should the alleged facts be proven true. (See Opinion, March 23, 2004, pg 22.). Although certain

ambiguities exist regarding the relevant policy period, and the applicability of the pollution provision, this Court is bound to resolve "[a]ny ambiguities...in favor of the policyholders." See, e.g. Atlantic Employers Ins. Co. v. Chartwell Manor, 280 N.J. Super 457, 464-65 (App. Div. 1995); Central Nat'l Ins. Co. v. Utica Nat'l Ins. Group, 232 N.J.Super. 467, 470 (App.Div.1989). Moreover, should it later be adjudicated that the policy does not apply to the underlying allegations, the Policy specifically provides for the insurer to be reimbursed.[3]

In light of the above, it is the finding of this Court that Defendants have a obligation to advance defense costs to Plaintiffs in the underlying actions subject to the final outcome of the instant action. As such, Plaintiffs motion to compel is granted.

### III. CONCLUSION

Plaintiffs' motion to compel advancement of defense costs is **granted**. An appropriate Order accompanies this Opinion.

                                            S/   Dennis M. Cavanaugh
                                            Dennis M. Cavanaugh, U.S.D.J.

---

[3] See Section III "Insurer shall advance on behalf of the Insureds Claims Expenses which **Directors** and **Officers**...have incurred in connection with **Claims** made against them, prior to disposition of such Claims, provided always that to the extent it is finally established that any such Claims Expenses are not covered under this Policy, the Insureds, as appropriate, agree to repay the Insurer such non-covered Claims Expenses."

Date: March 23, 2006
Original: Clerk's Office
Copies: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File