NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| G-I HOLDINGS INC. and SAMUEL J. HEYMAN, : : Plaintiffs, : : v. : : RELIANCE INSURANCE COMPANY, : HARTFORD FIRE INSURANCE : COMPANY, and TWIN CITY FIRE : INSURANCE COMPANY, : : Defendants. : | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 00-CV-6189 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Hartford Fire Insurance Company and Twin City Fire Insurance Company ("Defendants") for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i), of the Court's Order dated March 23, 2006, granting Plaintiff G-I Holdings Inc. and Samuel J. Heyman's (Plaintiffs) motion to compel advancement of defense costs. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for reconsideration is **denied**.

## I. BACKGROUND[1]

On January 2, 2003, Plaintiffs filed a motion for summary judgment seeking, among other relief, a declaration that they are entitled to the advancement of the costs of defending certain pending fraudulent conveyance and tort actions against them in other courts. Plaintiffs assert their entitlement to such funds pursuant to directors' and officers' ("D&O") insurance policies issued by Defendants Reliance Insurance Company ("Reliance"), assumed by Hartford Insurance Company and Twin City Fire Insurance Company, a wholly owned subsidiary of Hartford Insurance Company, (collectively "Hartford"), and issued by Great American Insurance Company ("Great American"). This Court denied Plaintiffs' summary judgment motion in an Opinion and Order dated March 23, 2004. On April 8, 2004, Plaintiffs filed a motion for reconsideration of the Court's Order pursuant to Local Civil Rule 7.1(g). This Court denied the motion to reconsider in an Opinion and Order dated June 29, 2004. Plaintiffs filed a motion for certification for appeal on September 20, 2004, which this Court denied on June 1, 2005. In that same Opinion and Order the Court ordered the parties to submit further briefing regarding the discrete issue of advancing of defense costs under the Hartford D&O Policy. This Court issued an Opinion and Order on March 23, 2005, granting Plaintiffs' request for advancement of defense costs. Defendants filed the instant motion for reconsideration on April 7, 2006.

## II. DISCUSSION

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,

---

[1] A recitation of the full background of this complex matter is unnecessary here and can be found in this Court's March 23, 2004 Opinion denying summary judgment. See G-I Holdings Inc. and Samuel Heyman v. Reliance Ins. Co. et al., Civil Action No. 00-6189 (D.N.J. Mar. 23, 2004).

176 F.3d 669, 677 (3d Cir.1999).  Local Civil Rule 7.1(i) requires that the moving party set forth in its moving papers the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i).  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

Here, Defendants ask this Court to reconsider its finding that Defendants have an obligation to advance defense costs for an underlying action in the Creditors Committee Action. They argue that this Court overlooked controlling precedent in making its decision, and that therefore the extraordinary relief of reconsideration is warranted.  This Court has reviewed Defendants' arguments in support of their motion.  However, Defendants merely reiterate the same arguments and present the same case raised in the briefs they submitted in opposition to the motion to compel.  As such, the Court finds that Defendants have failed to meet the standard for reconsideration and their motion is therefore denied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | June 29, 2006 |
| Original: | Clerk's Office |
| Copies: | All Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |